# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | C/A No. 14-04248-JW |
| | Chapter 13 |
| Edwin H. Cheeseboro and Lessie A.W. Cheeseboro, | **ORDER** |
| Debtor(s). | |

This matter comes before the Court upon the Notice and Motion for Loss Mitigation/Mediation ("Motion") filed by Edwin H. Cheeseboro and Lessie A.W. Cheeseboro ("Debtors") on August 31, 2017. Nationstar Mortgage, LLC ("Nationstar") filed an objection to the Motion on September 14, 2017, and the Court held a hearing on the matter. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Based on the record and arguments of the parties, the Court makes the following findings of fact and conclusions of law.[1]

## **FINDINGS OF FACT**

1. On April 30, 2007, Edwin H. Cheeseboro executed a note in the amount of $87,000 to Homeowners Mortgage Enterprises, Inc. ("Note"). To secure the Note, Debtors executed a mortgage on April 30, 2007 ("Mortgage") on their residence, 500 South Highland Forest Drive in Columbia, South Carolina ("Residence"). Nationstar is the current holder of the Note and Mortgage.

2. On July 29, 2014, Debtors filed a petition for relief under chapter 13 of the Bankruptcy Code.

3. On October 7, 2014, the Court entered an Order Confirming Plan. Debtors' confirmed chapter 13 plan provided that Debtors would cure their delinquent pre-petition arrearage

---

[1] To the extent the following findings of fact constitute conclusions of law, they are adopted as such, and vice versa.

to Nationstar through payments to the Chapter 13 Trustee, while maintaining ongoing post-petition payments directly to Nationstar pursuant to 11 U.S.C. § 1322(b)(5).

4. On January 15, 2015, Nationstar filed the Motion for Relief from Stay ("Motion for Relief"), alleging that Debtors has not made any ongoing post-petition payments directly to Nationstar.

5. On January 23, 2015, Debtors filed a Notice and Motion for Loss Mitigation/Mediation ("First Motion for LM/MM").

6. On January 28, 2015, Debtors also filed a response to the Motion for Relief, indicating that Debtors were behind on their payments and requested an agreement allowing them time to catch up the missed payments.

7. On January 29, 2015, Nationstar filed an objection to the First Motion for LM/MM. In the objection, Nationstar alleged that they reviewed Debtors' circumstances within the last 45 days for all of its loss mitigation/mortgage modification ("LM/MM") programs and that Debtors did not qualify for any LM/MM.

8. On February 12, 2015, Debtors filed a response to Nationstar's objection to the First Motion for LM/MM, which alleged that Debtors were offered a trial loan modification in July of 2014 and that, due to a misunderstanding by Debtors, they did not make the first trial payment which became due after they filed the present bankruptcy case.

9. On February 26, 2015, the Court entered a settlement order on the Motion for Relief ("Settlement Order"), in which Debtors agreed to cure their post-petition arrearage over 18 months and resume making regular monthly post-petition payments directly to Nationstar, beginning with the March 2015 payment. The Settlement Order also provided that if Debtors failed to make the agreed upon payments within 20 days of their due date, the Court may grant relief from the

2

automatic stay without a further hearing upon the filing of an affidavit of default and proposed order by counsel for Nationstar.

10. After a hearing on the First Motion for LM/MM, the Court overruled Nationstar's objection, and an Order Requiring Loss Mitigation/Mortgage Modification was entered on March 13, 2015.

11. On April 30, 2015, counsel for Nationstar filed a Correspondence, which indicated that Nationstar completed a LM/MM review for the Debtors and it had determined that no LM/MM programs were currently available to Debtors.

12. On May 12, 2015, Debtors' counsel filed a Mortgage Loan Modification Report, which indicated that the LM/MM review was denied.

13. On May 21, 2015, Nationstar, through its counsel, filed an affidavit of default, which indicated that the LM/MM review was denied and that Debtors had failed to make any cure payments or regular ongoing payments under the terms of the Settlement Order.

14. Based on the affidavit of default, the Court entered an Order Granting Motion for Relief from Stay as to the Residence on May 27, 2015 ("Relief Order"). No evidence was provided that indicated that Debtors had complied with the Settlement Order. Upon the entry of the Relief Order, the Chapter 13 Trustee ceased payments to Nationstar to cure Debtors' pre-petition arrearage.

15. After the entry of the Relief Order, Nationstar commenced a foreclosure action against Debtors. Nationstar's counsel proffered that during the state foreclosure process, Nationstar again reviewed Debtors for LM/MM, which resulted in Debtors' loan being modified.

16. Nationstar's counsel further proffered that Debtors subsequently defaulted on the modification and the foreclosure process resumed with a foreclosure sale of Debtors' residence scheduled for September 2017.

17. On August 31, 2017, five days prior to the scheduled foreclosure sale, Debtors filed the Motion, seeking an additional LM/MM review in their bankruptcy case.

18. Due to the filing of the Motion, Nationstar cancelled the September 2017 foreclosure sale.

19. On September 14, 2017, Nationstar filed its objection to the Motion, which alleged that Nationstar has been prejudiced by Debtors' filing of the Motion, including incurring additional fees, costs and delay.

20. At the hearing on the Motion, Debtors' counsel proffered that Mr. Cheeseboro recently separated from Mrs. Cheeseboro, which he believes would be a sufficient change of circumstances and hardship to reconsider Mr. Cheeseboro for a loan modification. However, no testimony was presented from Debtors.

## **CONCLUSION OF LAW**

Debtors seek LM/MM through the undersigned's Loss Mitigation/Mortgage Modification program, which assists debtors and mortgage creditors with communicating about LM/MM through the use of a secure portal and court-set deadlines. The program does not require a mortgage creditor to modify a loan, but provides a transparent mechanism for mortgage creditors to review an LM/MM request. The present matter asks the Court to consider whether Mr. Cheeseboro should again be reviewed for LM/MM through the Court's program when Debtors have defaulted on previous LM/MM efforts, and Nationstar has obtained relief from the automatic stay and had a scheduled foreclosure sale prior to Debtors' filing of the Motion.

As an initial matter, the Court has jurisdiction to consider a request to utilize the LM/MM program despite relief from the automatic stay having been granted to the mortgage creditor. While the lifting of the automatic stay under 11 U.S.C. § 362(d) permits the mortgage creditor to resume state court remedies, including foreclosure, the collateral remains property of the estate under 11 U.S.C. § 541 until the property is sold at foreclosure. See 11 U.S.C. § 541 (2017) (including no provision that removes property from the estate upon the lifting of the automatic stay); 11 U.S.C. § 362 (2017) (same); see generally In re Davis, C/A No. 02-12431-W, slip op. at 1–2 (Bankr. D.S.C. Nov. 27, 2002) (noting that a foreclosure sale terminates a debtor's legal and equitable interest in collateral, and that a foreclosure sale that is properly conducted prior to the filing of a case would prevent the collateral from becoming property of the estate).[2] The Court determines whether to grant a Notice and Motion for Loss Mitigation/Mediation on a case-by-case basis, considering the particular facts and circumstances of each individual debtor. In determining such motions, the Court considers the circumstances of the debtor, including any changes thereto, the mortgage creditor's LM/MM programs and guidelines, the LM/MM history of the debtor's loan, the requirements of the mortgage creditor to consider LM/MM, the timeliness of the debtor's request, and any other relevant factors.

In the present matter, Mr. Cheeseboro indicates that he has had a significant change in his financial circumstances due to his recent separation from Mrs. Cheeseboro, and therefore, he has less income which would justify a loan modification. Debtors' counsel suggests that this change in circumstances will likely result in Nationstar offering a loan modification as Debtors' prior denials of LM/MM were based on Debtors having too much income to qualify for a modification.

---

[2] The Court is currently in the process of amending the LM/MM guidelines to clarify the procedures for requesting LM/MM after the lifting of the automatic stay.

However, Debtors' schedules indicate that the Residence is jointly-owned by both Mr. and Mrs. Cheeseboro, and as a result of her interest, it is likely that Mrs. Cheeseboro's income would factor into a future LM/MM determination. In addition, Mr. Cheeseboro did not provide any testimony to support his assertion that his circumstances had changed. While a change in circumstances may favor another LM/MM review for Mr. Cheeseboro, it is outweighed by the Debtors' LM/MM history and the timing of the Motion.

Debtors have had multiple LM/MM reviews with Nationstar, including at least one review prior to commencing the present bankruptcy case, one review during the bankruptcy case through the Court's LM/MM program, and one review during the foreclosure action under the state court's procedures. In addition, it appears that Debtors have been offered multiple trial or permanent modifications, with which Debtors have failed to comply. There are no allegations that Nationstar has acted in bad faith or otherwise acted incorrectly when it reviewed Debtors for LM/MM. Rather, it appears that Nationstar has actively worked with Debtors to consider Debtors' LM/MM options for the past three years.

In addition, more than two years have passed since the Court granted relief from the automatic stay to Nationstar. While the confirmed chapter 13 plan provides for ongoing direct payments to Nationstar, there is no indication that Debtors have in fact made these payments or adequate protection payments to Nationstar over the three years that their bankruptcy case has been pending. In addition, due to the Relief Order, the Chapter 13 Trustee has ceased making payments to Nationstar to cure the pre-petition arrearage. Further, by filing the Motion on the eve of the foreclosure sale, Debtors have prejudiced Nationstar by causing it to incur additional advertising and legal fees associated with the September 2017 foreclosure sale.

Therefore, for these reasons, the Court hereby denies the Motion.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
October 18, 2017

**FILED BY THE COURT**
**10/18/2017**



Entered: 10/18/2017

/s/ John E. Waites
US Bankruptcy Judge
District of South Carolina